**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY,<br><br>                     Defendant. | C.A. No. 20-cv-00191-WES-LDA |

**MEMORANDUM IN SUPPORT OF
MOTION FOR AN ORDER TO SHOW CAUSE**

Defendant Brown University asks the Court to require plaintiff John Doe ("Plaintiff") to explain why he should be permitted to proceed anonymously in this matter. Rule 10(a) of the Federal Rules of Civil Procedure creates a presumption that plaintiffs will be identified by name, but Plaintiff has not made the required showing to overcome that presumption, nor has he explained how his apparent interest in proceeding anonymously outweighs the public's interest in open court proceedings. He will have a difficult time doing so, as the Complaint here is substantively identical to ten other complaints filed by his lawyers (so far) against universities across the country—several of which identify the plaintiffs by name. What Brown believes is a baseless effort to proceed anonymously prejudices it in evaluating the legal bases upon which the Complaint should be dismissed and the class action allegations rejected. Accordingly, Brown requests that the Court issue an Order to Show Cause why Plaintiff should be allowed to proceed anonymously, or order him to refile the Complaint under his real name.[1]

---

[1]   Because this issue affects arguments Brown University may make in moving to dismiss the Complaint, Brown has moved contemporaneously to extend the deadline for it to respond to the Complaint until the Court resolves the issue regarding Plaintiff's "John Doe" status.

1

## ARGUMENT

### I.    Plaintiff Has Not Complied With Rule 10(a)

The Federal Rules of Civil Procedure require that "[t]he title of the complaint must name all of the parties." Fed. R. Civ. Proc. 10(a).  That requirement creates a "strong and well established presumption that pleadings ... are public documents" requiring plaintiffs to use their real names. *Doe v. Prudential Ins. Co.*, 744 F. Supp. 40, 41 (D.R.I. 1990); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 73 n.1 (D. R.I. 1992).  A plaintiff "may rebut that presumption by demonstrating an overriding reason for confidentiality." *Doe v. Univ. of R.I.*, No. 93-0560B, 1993 WL 667341, at *2 (D.R.I. Dec. 28, 1993).  The burden is a heavy one, because a court still must weigh "the need for confidentiality against the public interest to be served by requiring disclosure." *Id.*  "Subjective feelings of confidentiality or embarrassment" are not sufficient to warrant anonymity. *Doe v. Prudential Ins. Co.*, 744 F. Supp. at 42.  Only "[t]he most compelling situations" where revealing identity would result in "social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity" allow a plaintiff to remain anonymous. *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. at 74 (quotation omitted).  Thus, "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Univ. of R.I.*, 1993 WL 667341, at *2 (quoting *Doe v. Frank*, 951 F.2d 320 (11th Cir.1992)).

The burden of establishing an "overriding reason" for confidentiality lies with the plaintiff. *See Doe v. Aetna Life Ins. Co.*, No. 14-14716-PBS, 2016 WL 7799638, at *1 (D. Mass. Apr. 20, 2016).  Plaintiff, however, has not attempted to make such a showing.  The Complaint alleges no facts in support of a need to cloak his identity in confidentiality, *id.,* and he has not moved for leave to proceed anonymously.  Therefore, Brown's motion should be granted.

2

We strongly doubt that Plaintiff can satisfy his burden. Certainly he can make no credible claim of physical harm or injury occurring as a result of disclosure of his identity. Nor is there any reason to believe that he will be stigmatized by filing this lawsuit—not when similar lawsuits are being filed by the score (one count through May 21, 2020 is 109 similar lawsuits), and not when the vast majority of those lawsuits (100 of 109) name the plaintiff.[2] Indeed, Plaintiff's own counsel has filed substantially similar complaints against ten other universities, naming the plaintiff (and putative class representative) in five of them.[3] It is hard to imagine why a Brown student making the same claims, based on the same types of allegations (and in many instances, identical allegations), on behalf of the same or similar classes and seeking the same relief would face any more stigmatization than a student (or parent of a student) from any of those other schools. *See Raimo v. Washington Univ. in St. Louis*, Case No. 20-cv-00634-SEP, Dkt. 1 (E.D. Mo. 2020); *DeMasi v. Emory Univ.*, No. 20-CV-02002-TWT, Dkt. 1 (N.D. Ga. 2020); *Shaffer v. The George Washington Univ.*, No. 20-cv-01145-RJL, Dkt. 1 (D.D.C. 2020); *Cox v. Trustees of Boston Univ.*, No. 20-cv-10834-RGS, Dkt. 1 (D. Mass. 2020); *Weiss v. Univ. of Miami*, No. 20-cv-22207-KMW, Dkt. 1 (S.D. Fla. 2020). Counsel do not appear to have any concern that the plaintiffs will be stigmatized, for counsel has publicized the several complaints

---

[2]    Class Action Lawsuits in Response to the Transition to Online Learning in the Wake of the Coronavirus and COVID-19 Pandemic, *available at* https://drive.google.com/file/d/1HhnRlWqpNvWjKMRiTScQiqEDt2G3fHPP/view (last visited May 28, 2020, 12:07 PM).

[3]    *See generally* https://www.hbsslaw.com/cases/college-tuition-room-board-payback-covid-19. In none of the John Doe complaints did Plaintiff's counsel allege facts to support the anonymous filing.

on its website[4] and personal[5] and firm Twitter accounts.[6] *See K.W. v. Holtzapple,* 299 F.R.D. 438, 441 n 3 (M.D. Penn. 2014) (noting it "[c]urious" while analyzing anonymity that counsel "appears to have invited media scrutiny of the instant action").

**II.    Disclosure of Plaintiff's Identity Is Important to Brown, Putative Class Members, and the Court in Evaluating the Complaint**

Not only is it unlikely that Plaintiff can show that his is the "exceptional case" where anonymity is warranted, but anonymity is prejudicial to the evaluation of Plaintiff's claims and of his asserted status as a class representative by all interested parties—Brown, putative class members, and the Court.  For example, Plaintiff alleges breach of contract (although he does not identify any written or oral contract, nor cite any specific provision that has been breached).  It is clearly important for Brown to know, in evaluating that breach-of-contract claim, whether John Doe (i) was an undergraduate or graduate student in the semester just ended, (ii) graduated in May, (iii) paid tuition or received full or partial financial aid, (iv) had enrolled in online courses at Brown, (v) concentrated in what subject, (vi) participated in extracurricular activities or studied in his room, and more.

These same factors (and others) may also bear on whether Plaintiff can state a claim for unjust enrichment based on the Covid-19 crisis and the suspension of in-person classes.  It is certainly relevant to the unjust enrichment inquiry whether, for example, Plaintiff received

---

[4]    https://www.hbsslaw.com/cases/college-tuition-room-board-payback-covid-19/pressrelease/college-tuition-and-room-and-board-payback-boston-university-and-brown-university-latest-hit-by-student-class-action-lawsuits-demanding-refunded-costs-lost-due-to-covid-19.

[5]    https://twitter.com/stevebermano/status/1256345951037386752.

[6]    https://twitter.com/ClassActionLaw/status/1256258867798786049.

4

financial aid (and how much), or was one of those students to whom Brown gave money to assist them in returning safely home or gave a computer to enable them to participate in online classes.

Looking ahead to class certification, should the case survive a motion to dismiss, it is obviously essential to know who John Doe is. Otherwise, it would be impossible for Brown, the putative class, and the Court to assess whether he can be an adequate representative of the putative class and whether his claims are typical. *See Doe I v. Four Bros. Pizza, Inc.*, No. 13-CV-1505 (VB), 2013 WL 6083414, at *10 (E.D.N.Y. Nov. 19, 2013) (noting defendants would be "hard-pressed" to develop their defenses as to class certification "[w]ithout knowing who has brought suit against them"). One can imagine that a student on financial aid is differently situated than a student without financial aid, just as a pre-med student in large lecture courses may be differently situated from a graduate student who works with her dissertation advisor. In short, the individual issues within the proposed class as it relates to Plaintiff's claim are manifest: financial aid status, class year, undergraduate or graduate enrollment, on- or off-campus housing, meal plans, concentration, types of classes taken, extracurricular activities, attendance, specialized learning arrangements, online learning attendance and satisfaction, among many others. *E.g.*, *Martin v. Mountain State University, Inc.*, No. 5:12–03937, 2014 WL 1333251, at *5–6 (S.D. W. Va. Mar. 31, 2014) (denying class certification while noting that "various forms of financial aid" and "diverse fields of study and forms of education delivery" led to "different and experiences and outcomes"); *see also Ramirez v. DeCoster*, 194 F.R.D. 348, 355 (D. Me. 2000); *Dungan v. The Academy at Ivy Ridge*, 249 F.R.D. 413, 427 (N.D.N.Y. 2008). Brown's emphasis on student ownership and responsibility for their education—students as "architects of

their education"[7]—accentuates the potential significance of these differences as they relate to Plaintiff's adequacy as a class representative and the typicality of his claims.

We recognize that a John Doe's identity is typically known to the parties, even if it remains confidential as a matter of the public record. But it is not only Brown and the Court that must know Plaintiff's identity in order to evaluate whether the case should proceed as a class action. The members of the putative class have an interest in knowing Plaintiff's identity in forming a judgment whether he is an appropriate class representative—or whether they want to opt out or otherwise disassociate themselves from this case. If the members of the putative class have a legitimate interest in knowing Plaintiff's name, then what good reason can there be for the public docket to treat him as John Doe?

## CONCLUSION

Rule 10 creates a presumption against anonymity. The burden is on Plaintiff to explain and justify why he should not be named, as plaintiffs in similar lawsuits across the country have been named. Because Plaintiff has not met that burden, the Court should order him to show cause why he should not be named.

Dated: May 28, 2020

/s/ Robert Clark Corrente
Robert Clark Corrente (No. 2632)
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Telephone: (401) 270-1333
Facsimile: (401) 270-3760
rcorrente@whelancorrente.com

---

[7] https://www.brown.edu/academics/undergraduate/open-curriculum.

6

Mark S. Levinstein (*pro hac vice forthcoming*)
Amanda M. MacDonald (*pro hac vice forthcoming*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone: (202) 434-5000
Facsimile:  (202) 434-5029
mlevinstein@wc.com
amacdonald@wc.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2020, I filed and served this document through the

electronic filing system on all counsel of record.  The document electronically filed and served is

available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing

System.

/s/ *Robert Clark Corrente*
Robert Clark Corrente

7