**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

JOHN DOE, individually and on behalf of all
others similarly situated,

                                    Plaintiff,

        v.

BROWN UNIVERSITY,

                                    Defendant.

No. 1:20-cv-00191-MSM-LDA

## RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE

### I.        INTRODUCTION

Plaintiff John Doe filed his Class Action Complaint arising out of the COVID-19 pandemic and Defendant Brown University's decision to shut down its campus and switch exclusively to online learning. The allegations raised in the Complaint are not exclusive to Plaintiff; they apply to every Brown University student. Plaintiff alleges that he and the Class Members did not receive the full value of the services paid and did not receive the benefits of in-person instruction. So he seeks a prorated reimbursement of tuition, fees, and room and board. Plaintiff filed anonymously given a compelling need for confidentiality, not as a baseless effort to prejudice Defendant in evaluating its defenses or out of vague harassment concerns as Defendant's papers suggest.

Plaintiff remains willing to discuss and disclose certain information that will aid Defendant in evaluating its defenses. Defendant's motion identifies numerous questions it identifies as pertinent to its eventual defenses, all of which Plaintiff's counsel can answer without disclosing Plaintiff's identity. But instead of raising such issues directly with counsel, Defendant reflexively filed the instant motion without a pre-filing conference.

- 1 -

010920-15/1297153 V1

Plaintiff respectfully requests that the Court deny Defendant's motion and allow him to continue to proceed anonymously. Should the Court order Plaintiff to refile the Class Action Complaint under his real name, Plaintiff requests a 14-day period to do so to evaluate whether to proceed.

## II.      ARGUMENT

**A.      Plaintiff has an overriding reason for confidentiality: legitimate fear of harassment and retaliation.**

Plaintiff has good reason for proceeding under a pseudonym: his legitimate fear of harassment and retaliation. First, given the current political climate surrounding race and citizenship, coupled with the increase in hate crimes and discrimination based on the COVID-19 crisis, Plaintiff fears he will be targeted, harassed, and retaliated against on campus based on his national origin for suing if he must proceed under his real name at this time. To be sure, many Brown students support a tuition refund, supporting Plaintiff's action here. *See* Ex. A (attaching article from Brown University student newspaper regarding efforts by student groups to request a 50% tuition refund). Nevertheless, Plaintiff witnessed intimidating comments on news articles and on social media attacking Plaintiff and including inflammatory language—such as comparing the lawsuit to the 9/11 attacks and Iraq War—bolstering his concerns regarding harassment and retaliation. *See* Ex. B (attaching social media comments). Plaintiff is applying to professional schools and an admissions consultant advised suing his institution may affect his chances of admission at a non-Brown school. Further, Plaintiff's honors thesis advisor and career advisor, who oversees his research, drafts, and professional school applications, has a demonstrated relationship with the administrators at Defendant. Finally, Plaintiff is concerned about retaliation regarding his on-campus employment in a university department and his pending application for a teaching assistant position if his name is released publicly at this time.

- 2 -

"Under most circumstances, parties to a lawsuit are required to proceed under their real names." *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 73 n.1 (D.R.I. 1992) (citing Fed. R. Civ. P. 10(a); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir.1979)). While "the court must presume that pleadings filed with the court and in connection with pending cases are public documents," "[a] party may rebut that presumption by demonstrating an overriding reason for confidentiality." *Doe v. Univ. of Rhode Island*, No. Civ.A. 93-0560B, 1993 WL 667341, at *2 (D.R.I. Dec. 28, 1993).

"It is within the court's discretion to allow a plaintiff to sue pseudonymously." *Id.* at *2 (citing *Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss. 1987); *Doe v. Blue Cross*, 794 F. Supp. at 72). In exercising that discretion, "[c]ourts have carved out an exception to the rule requiring public disclosure where the parties have a strong interest in proceeding anonymously." *Id.* (citing *Doe v. Blue Cross*, 794 F. Supp. at 72). "Requests to proceed under fictitious names have been granted where it is demonstrated that disclosure would result in harassment, the threat of physical harm, or other similar consequences." *Doe v. Prudential Ins. Co. of Am.*, 744 F. Supp. 40, 41 (D.R.I. 1990)

This case remains one in which the current protection of Plaintiff's identity is necessary and appropriate. The cited rhetoric around the COVID-19 crisis and suing based on COVID-19 related campus closures supports Plaintiff's fear of harassment and retaliation based on his national origin. The incendiary comments about the lawsuit online reinforces Plaintiff's legitimate concerns about harassment and retaliation. Plaintiff should be able to maintain his lawsuit anonymously to avoid harassment on campus.

While Plaintiff carries the burden here to establish a need for proceeding anonymously, the burden depends on what the party seeking confidentially actually seeks. As one court in the

010920-15/1297153 V1

district explained, "[t]he burden one must carry in order to establish a need for confidentiality is directly proportional to the scope and the duration of the restriction sought." *Id.* at 41. Indeed, "[t]he decision [as to whether a party may sue anonymously] requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Blue Cross*, 794 F. Supp. at 73 n.3 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)) (second alteration in original). Here, Plaintiff does not seek to redact or conceal the entire case file. The Class Action Complaint contains no redactions, and all allegations are available for inspection by Defendant, the Court, and the general public. *See generally* Dkt. 1. Plaintiff does not seek to challenge any ordinary presumption of openness in judicial proceedings, he simply seeks to proceed as a John Doe plaintiff for the reasons noted. Such considerations favor an order permitting Plaintiff to continue anonymously at this time.

**B.      Plaintiff's anonymity will not prejudice Defendant's defense where Plaintiff's counsel remain willing to confer with Defendant.**

Next, regarding Defendant's claim that Plaintiff's anonymity is prejudicial to evaluating Plaintiff's claims, whether individually or as a class representative, no such prejudice exists, particularly where Plaintiff's counsel remain willing to meet and confer with Defendant's counsel to address any such concerns as they arise.

To start, no prejudice exists given the early status of the case. While Defendant has not specifically indicated whether it intends to move to dismiss, the tenor of its motion suggests that it will. But on a motion to dismiss, "the court must accept a plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to him." *Thomas v. Rhode Island*, No. 1:19-CV-00015-MSM-PAS, 2020 WL 1703163, at *2 (D.R.I. Apr. 8, 2020).

- 4 -

Defendant can make no legitimate claim of prejudice in the near term given the standard of review.

Later, when discovery begins, Defendant may seek answers to such questions as "financial aid status, class year, undergraduate or graduate enrollment, on- or off-campus housing, meal plans, concentration, types of classes taken, extracurricular activities, attendance, specialized learning arrangements, online learning attendance and satisfaction," disclosure of such information may occur without compromising Plaintiff's anonymity.[1] Depositions and other discovery occur without disclosure of Plaintiff's name with implementing reasonable protections that creative counsel can collaboratively address. And the parties can meet and confer in an effort to reach an agreement that addresses Plaintiff's specific concerns animating his anonymity. None of that has happened to date.

### III.    CONCLUSION

For the reasons provided above and for good cause shown, Plaintiff respectfully requests that the Court deny Defendant's motion and allow him to continue to proceed anonymously. Should the Court order Plaintiff to refile the Complaint under his real name, Plaintiff requests a 14-day period to do so to evaluate whether to proceed.

---

[1] Plaintiff reserves all arguments regarding the role such facts may or may not play in this litigation.

Dated: June 11, 2020

Respectfully submitted,

By:  /s/ Stephen M. Prignano
Stephen M. Prignano (3649)
David J. Strachman (4404)
MCINTYRE TATE LLP
50 Park Row West, Suite 109
Providence, Rhode Island 02903
T: (401) 351-7700
F: (401) 331-6095
sprignano@mcintyretate.com
dstrachman@mcintyretate.com

By: /s/ Daniel J. Kurowski
Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
T: (708) 628-4949
F: (708) 628-4950
dank@hbsslaw.com
whitneys@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Plaintiff, individually and on behalf of all others similarly situated*

- 6 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on June 11, 2020, I filed and served this document though the electronic filing system on all counsel of record. The document electronically filed and served is available for viewing and/or downloading from the District of Rhode Island's Electronic Filing System.

By:*/s/ Daniel J. Kurowski*_____

- 7 -

010920-15/1297153 V1