**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HYUN CHOI, ANNA HOUSE, and AMY PHAM, individually and on behalf of all others similarly situated, | No. 1:20-cv-00191-JJM-LDA |
| Plaintiffs, | Chief Judge John J. McConnell, Jr. |
| v. | Magistrate Judge Lincoln D. Almond |
| BROWN UNIVERSITY, | |
| Defendant. | |

**JOINT MOTION FOR INDICATIVE RULING UNDER FED. R. CIV. P. 62.1**
**TO PERMIT LIMITED REMAND TO THIS COURT FOR CLASS ACTION**
**SETTLEMENT PROCEEDING UNDER FED. R. CIV. P. 23**

### I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 62.1, Fed. R. App. P. 12.1, and the Order entered on July 26, 2022 by the United States Court of Appeals for the First Circuit, Plaintiffs Hyun Choi, Anna House, and Amy Pham ("Plaintiffs") and Defendant Brown University seek an indicative ruling from this Court so the Parties may obtain a remand to this Court from the First Circuit to conduct proceedings in accordance with the settlement approval requirements of Fed. R. Civ. P. 23.

As detailed more fully below, and in the accompanying exhibits, the Parties entered into a Settlement Agreement as this case proceeded before the First Circuit. However, to effectuate the Settlement Agreement and provide the class-wide relief contemplated under that agreement, the case must return to this Court for further proceedings. Accordingly, the Parties respectfully request this Court make an indicative ruling "'either that it would grant [the parties' motion for preliminary approval of the settlement agreement if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *See* Order dated July 26, 2022 (Exhibit 1) (alteration in original).

- 1 -

## II.     BACKGROUND

A.     **The dismissal, appeal, and settlement.**

In this case, Plaintiffs alleged that Defendant Brown University ("Brown" or

"Defendant") breached a contractual agreement to provide an in-person educational experience

when it transitioned Spring semester 2020 classes to remote learning during the COVID-19

pandemic. This Court dismissed Plaintiffs' claims with prejudice, entered judgment in favor of

Brown, and closed the case. Plaintiffs timely filed a Notice of Appeal, and as a result, the

litigation is now in the First Circuit.

As part of the appellate proceedings, the First Circuit submitted this case to the

mandatory Civil Appeals Management Plan ("CAMP"), and the Parties engaged in mediation

before Settlement Counsel for the United States Court of Appeals, Hon. Patrick King (Ret.). The

mediation was successful and led the Parties to negotiate a settlement. Generally, the proposed

Class Action Settlement Agreement (the "Settlement") contemplates a putative settlement class

comprising of all students who were enrolled at Brown University for the Spring 2020 semester

as of March 6, 2020. The Settlement creates a $1,500,000 non-reversionary settlement fund

which will pay all approved claims by Class Members, notice and administration expenses,

Court-approved service awards to Plaintiffs, and attorney fees to proposed Class Counsel to the

extent awarded by the Court. From this non-reversionary fund, Settlement Class Members will

automatically receive a cash payment unless the Class Member excludes themselves from the

Settlement. Settlement Class Members will not be required to submit a claim form to receive

their *pro rata* share of the common fund.

B.     **Implementation of the settlement requires further work before this Court.**

However, to implement the settlement under the requirements of Fed. R. Civ. P. 23,

further proceedings must occur in this Court. To that end, the Parties filed a Joint Motion for

Limited Remand to District Court for Class Action Settlement Proceedings Under Fed. R. Civ. P. 23 (Exhibit 2), requesting that the First Circuit enter a limited remand so that the settlement could move forward before this Court. In response, the First Circuit directed the Parties "to follow the procedures set forth in Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1." *See* Exhibit 1. As a result, if this Court "states 'either that it would grant [the parties' motion for preliminary approval of the settlement agreement if the court of appeals remands for that purpose or that the motion raises a substantial issue,' Fed. R. Civ. P. 62.1(a)(3), the matter will be remanded to the district court upon receipt by this court of a motion by the parties seeking remand." *Id.* (alteration in original). Upon remand, Plaintiffs would move for preliminary approval, thereby allowing the Court to: (1) formally determine whether the settlement should receive preliminary approval; (2) if so, direct the parties to provide notice of the proposed settlement to members of the putative settlement class; (3) conduct a Fairness Hearing with respect to the proposed settlement at which members of the settlement class may present any objections to it for the District Court's consideration; and (4) determine whether the settlement is "fair, reasonable, and adequate," meriting approval. Fed. R. Civ. P. 23(e). Accordingly, this motion follows.

### III.   ANALYSIS

Typically, "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, under Fed. R. Civ. P. 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises

a substantial issue." Fed. R. Civ. P. 62.1(a). *See also* Fed. R. App. P. 12.1. The rule extends to

"any motion that the district court cannot grant because of a pending appeal." Fed. R. Civ. P.

62.1 Advisory Committee Note, 2009 Adoption. Thereafter, this Court "may decide the motion if

the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(c). Here, an order by this

Court under Fed. R. Civ. P. 62.1(a)(3), indicating that the Court would either (1) grant the

motion for preliminary approval if the First Circuit remands for that purpose, or (2) that the

motion for preliminary approval raises a substantial issue, is necessary for the First Circuit to

issue a remand to this Court to conduct the settlement proceedings required under Fed. R. Civ. P.

23.

Plaintiffs' Motion for Preliminary Approval and accompanying papers is attached as

Exhibit 3, and argues that on remand, this Court should preliminarily approve the proposed

Settlement because it meets the Rule 23 factors and "the law favors class action settlements." *In*

*re Lupron(R) Mktg. & Sales Practices. Litig.*, 228 F.R.D. 75, 88 (D. Mass. 2005) (quoting *City*

*Pship Co. v. Atl. Acq. Ltd. Pship*, 100 F.3d 1041, 1043 (1st Cir. 1996)).

Faced with similar jurisdictional hurdles, courts reviewing such applications in a similar

procedural posture commonly grant motions for indicative rulings to permit the Rule 23(e)

settlement approval process to proceed. *See, e.g.*, *Holick v. Cellular Sales of New York, LLC*, No.

1:12-CV-584 (DJS), 2022 WL 1525460, at *2 (N.D.N.Y. Apr. 20, 2022) (stating that the court

"would be inclined to grant the Motion for Approval of the Settlement Agreement if the Court of

Appeals were to remand for that purpose" in a collective and class action case settled under the

Second Circuit's mediation program); *Balderrama-Baca v. Clarence Davids & Co.*, No. 15 C

5873, 2020 WL 10963973, at *1 (N.D. Ill. Nov. 18, 2020) (granting motion for indicative ruling

in class action settled with the Seventh Circuit's Mediator's Office where "the motion at the very

- 5 -

least 'raises a substantial issue,' Fed. R. Civ. P. 62.1(a)(3), as to whether the proposed settlement agreement 'is within the range of possible approval' given the ultimate fairness determination factors"). This Court should as well.

## IV.    CONCLUSION

Accordingly, to ultimately permit the Parties to effectuate the proposed Settlement and resolution of this action in accordance with the requirements of Fed. R. Civ. P. 23, the Parties respectfully request that the Court grant this motion and enter an indicative ruling that the Court would either (1) grant the motion for preliminary approval if the First Circuit remands for that purpose or (2) that the motion for preliminary approval raises a substantial issue, so that the Parties may obtain a remand to this Court for further proceedings. The Parties further request the Court grant them all such other relief as it deems necessary and appropriate.

Dated: July 28, 2022

For Plaintiffs:

By: */s/ Daniel J. Kurowski*

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292 F: (206) 623-0594
steve@hbsslaw.com

Daniel J. Kurowski (*pro hac vice*)
Whitney K. Siehl (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
T: (708) 628-4949 F: (708) 628-4950
dank@hbsslaw.com
whitneys@hbsslaw.com

Stephen M. Prignano (3649)
David J. Strachman (4404)
MCINTYRE TATE LLP
50 Park Row West, Suite 109
Providence, Rhode Island 02903
T: (401) 351-7700
F: (401) 331-6095
sprignano@mcintyretate.com
dstrachman@mcintyretate.com

*Attorneys for Plaintiffs, individually and on
behalf of all others similarly situated.*

Respectfully submitted,

For Defendant:

By: */s/ Amanda M. MacDonald*

Mark S. Levinstein (*pro hac vice*)
Amanda M. MacDonald (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
mlevinstein@wc.com
amacdonald@wc.com

Robert Clark Corrente (No. 2632)
Staci Kolb (No. 5451)
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI 02903
T: (401) 270-4500
F: (401) 270-3760
rcorrente@whelancorrente.com
skolb@whelancorrente.com

*Attorneys for Defendant*

- 7 -

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on July 28, 2022, I filed this document through the Court's CM/ECF system, which caused this document to be served electronically to all counsel of record.

*/s/ Daniel J. Kurowski*