## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HYUN CHOI, ANNA HOUSE, and AMY PHAM, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>    v.<br><br>BROWN UNIVERSITY,<br><br>                  Defendant. | No. 1:20-cv-00191-JJM-LDA<br><br>Chief Judge John J. McConnell, Jr.<br><br>Magistrate Judge Lincoln D. Almond |

### PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

In this putative class action, Plaintiffs Hyun Choi, Anna House, and Amy Pham ("Plaintiffs") allege that Defendant Brown University ("Brown" or "Defendant") breached a contractual agreement to provide an in-person educational experience when it transitioned Spring semester 2020 classes to remote learning during the COVID-19 pandemic. Plaintiffs seek *pro rata* refunds on behalf of themselves and all other similarly situated students for tuition and mandatory fees paid in exchange for services they allege Brown did not provide. This Court dismissed Plaintiffs' claims with prejudice, and Plaintiffs filed a Notice of Appeal. The United States Court of Appeals for the First Circuit ("First Circuit") submitted this case to the mandatory Civil Appeals Management Plan ("CAMP"), and the Parties engaged in mediation before Settlement Counsel for the United States Court of Appeals, Hon. Patrick King (Ret.). The mediation was successful, and the Parties have negotiated an excellent agreement that delivers immediate relief to a putative settlement class comprising of all students who were enrolled at Brown University for the Spring 2020 Semester as of March 6, 2020. At the Parties' joint

request, the First Circuit remanded the case to this Court for the limited purpose of conducting fairness proceedings relating to the proposed settlement. By this motion, Plaintiffs ask the Court to grant preliminary approval to the settlement and authorize the transmission of notice of the proposed settlement to Brown students enrolled during the Spring 2020 semester.

The proposed Class Action Settlement Agreement (the "Settlement") creates a $1,500,000 non-reversionary settlement fund which will pay all approved claims by Class Members, notice and administration expenses, Court-approved service awards to Plaintiffs, and attorney fees to proposed Class Counsel to the extent awarded by the Court. From this non-reversionary fund, Settlement Class Members will automatically receive a cash refund unless the Class Member excludes themselves from the Settlement. Settlement Class Members will not be required to submit a claim form to receive their *pro rata* share of the common fund.

This Court should preliminarily approve the proposed Settlement because it meets the Rule 23 factors and "the law favors class action settlements." *In re Lupron(R) Mktg. & Sales Practices. Litig*., 228 F.R.D. 75, 88 (D. Mass. 2005) (quoting *City Pship Co. v. Atl. Acq. Ltd. Pship*, 100 F.3d 1041, 1043 (1st Cir.1996)). The motion and accompanying exhibits demonstrate the proposed Settlement represents the optimal outcome, especially given the substantial risks and delays associated with continued litigation. The Court should therefore authorize notice to Class Members for their feedback on the Settlement. *See* Exhibit A to Exhibit 1 of the Declaration of Daniel J. Kurowski (Proposed Class Notice).[1]

To effectuate the proposed Settlement and resolution of this action, Plaintiffs respectfully request that the Court enter the Proposed Order Granting Preliminary Approval, preliminarily certify the proposed Class for settlement purposes under Rule 23, appoint Hagens Berman Sobol

---

[1] Unless otherwise noted, all "Ex. __" citations are to the Declaration of Daniel J. Kurowski ("Kurowski Decl.").

Shapiro LLP as Class Counsel and Plaintiffs Hyun Choi, Anna House, and Amy Pham as Settlement Class Representatives, preliminarily approve the Settlement Agreement as falling within the range of reasonableness, approve the dissemination of the Class Notice to Class Members, and schedule a final approval hearing.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

Plaintiffs and Class Members are all students who were enrolled at Brown University for the Spring 2020 semester as of March 6, 2020. Although many colleges offer less expensive online degree-granting programs, Plaintiffs and Class Members paid more for an in-person education on Brown's campus, including in its lecture halls, laboratories, libraries, student centers, dorms, and dining halls. *See* First Amended Complaint ("FAC") ¶ 56. Plaintiffs allege that they and Class Members contracted with Brown—and paid a premium—specifically for *on-campus* courses and programs." *Id.* ¶ 49. The terms of the contractual agreement were set forth in publications from Brown, including its 2019–2020 University Bulletin, website, and course listings. *Id.* ¶¶ 46–51. Plaintiffs allege that they and Class Members "had the reasonable expectation that Defendants would provide the in-person educational experiences and use of its facilities provided in Defendants' publications including but not limited to the Bulletin, catalogs, manuals, handbooks …" *Id.* ¶ 53. The course listings specifically allowed students to select courses that "were offered in-person at specific locations on campus." *Id.* ¶ 46. Therefore, "Plaintiffs and Class Members' reasonable expectation when registering for classes for the Spring 2020 semester was that those classes would be provided on-campus, consistent with Defendant's publications and usual and customary practice." *Id.* ¶ 52.

Plaintiffs further allege that they paid fees for on-campus services understanding that "they would get a full semester's worth of access to on-campus facilities, services, and

resources." *Id.* ¶ 57. But because of the mid-semester closure of Defendant's facilities, Plaintiffs and Class Members "paid for services they [could not] use because those services were curtailed or eliminated[.]" *Id.* ¶ 87. Accordingly, "Plaintiffs and Class Members did not receive the full value of the services paid" to Brown. *Id.* ¶ 8. Brown has denied that it breached any contract with its students or that it was unjustly enriched as a result of the transition to online only education during the Spring 2020 Semester.

The FAC alleged that Plaintiffs and putative Class Members are entitled to *pro rata* refunds of tuition, fees, and other charges because beginning in mid-March 2020, the COVID-19 pandemic and Executive Orders issued by the Governor of Rhode Island precluded in-classroom instruction. FAC ¶¶ 4–8. For the duration of the semester, Brown provided remote instruction. *Id.* ¶ 4. The FAC alleged Plaintiffs and all other Brown students who paid tuition and fees for the Spring 2020 semester had an express or implied contract with Brown requiring in-classroom learning and Brown's provision of remote instruction in place of in-classroom instruction breached that contract. *Id.* ¶¶ 89–106. Plaintiffs also contended that Brown's shift to remote instruction gave rise to claims of unjust enrichment and/or conversion under Rhode Island law. *Id.* ¶¶ 107–125. And among other relief, Plaintiffs sought certification of this case as a putative class action. *Id.* ¶ 25.

## B.    Procedural History

On August 6, 2020, Plaintiffs filed their FAC swapping John Doe for Plaintiff Hyun Choi's non-confidential identity and adding Anna House and Amy Pham as additional plaintiffs, styled *Hyun Choi, Anna House, and Amy Pham v. Brown University and The Corporation of Brown University*, in this Court, Docket No. 1:20-cv-00191. *See* ECF 22.

On August 24, 2020, Brown filed a Motion to Dismiss the First Amended Class Action Complaint. Plaintiffs opposed Brown's Motion to Dismiss on September 15, 2020. *See* ECF 28.

On March 4, 2021, the Court granted in part and denied in part Brown's motion to dismiss, ruling that Plaintiffs failed to sufficiently allege breach of contract claims regarding tuition payments, but denying the motion to dismiss with respect to the breach of contract claims regarding fee payments. *See* ECF 44. All other claims against Brown—for unjust enrichment and conversion—were dismissed. *Id.*

Following entry of a Discovery Scheduling Order on March 4, 2021, the Parties proceeded through discovery. After the close of fact discovery on November 8, 2021, on November 12, 2021, Brown moved for Summary Judgment. ECF 51. Plaintiffs opposed Brown's Motion for Summary Judgment on December 17, 2021. ECF 58-1, 59. On March 22, 2022, the Court granted Brown's Motion for Summary Judgment as to all remaining counts and entered judgment for Brown. ECF 67–68. Thereafter, on April 21, 2022, Plaintiffs filed a notice of appeal to the First Circuit, Docket No. 22-1294. ECF 69. On May 12, 2022, a briefing schedule was entered, and on June 8, 2022 the briefing schedule was extended pursuant to 1st Cir. R. 27.0(d). Docket No. 22-1294, Entry ID: 6500585.

## C.    History of Settlement Discussions

On May 2, 2022, the Action was scheduled for a mandatory pre-argument settlement conference under the Civil Appeals Management Plan, which the Parties conducted before Hon. Patrick King (Ret.) on May 18, 2022. Plaintiffs are mindful that, as with any litigation, there is significant risk to both sides. The Plaintiffs prepared a detailed mediation statement to prepare for the mediation before Judge King. Kurowski Dec. ¶ 7. Since discovery was completed, Plaintiffs believe the Parties were able to sufficiently assess the strengths and weaknesses of their cases. *Id.* Under Judge King's supervision the Parties engaged in further negotiations and eventually direct communications regarding their respective legal arguments and theories on potential damages. *Id.* Judge King substantially assisted the Parties in reaching the proposed

Settlement. *Id.* On June 7, 2022, the Parties conducted a second mediation session with Judge King, after which the Settling Parties agreed on a memorandum of understanding. *Id.*

**D.     First Circuit's Remand for Settlement Proceedings**

On July 15, 2022, Plaintiffs filed a Joint Motion for Limited Remand on behalf of the Parties, requesting the First Circuit remand the case for this Court to conduct preliminary and final fairness proceedings for the proposed class action settlement. By order dated August 8, 2022, the First Circuit granted the Motion, remanded the case to this Court for approval of the proposed class settlement. The First Circuit's order provided in the event the Court does not approve the settlement, the First Circuit retains jurisdiction to hear the matter on appeal.

## II.     MATERIAL TERMS OF THE SETTLEMENT

The material terms of the Class Action Settlement Agreement, attached as Exhibit A, are briefly summarized:

**A.     Class Definition**

The "Settlement Class" is defined as:

> [A]ll students who were enrolled at Brown for the Spring 2020 Semester as of March 6, 2020, but excludes anyone who exercises their right to opt out of the Settlement Class as set forth below in Paragraph 8.

Settlement ¶ 1.15. A "'Settlement Class Member' means a Person who falls within the definition of the Settlement Class as set forth above." *Id.* ¶ 1.16.

**B.     The Settlement creates a non-reversionary Class Action Settlement Fund with payments automatically issuing to Class Members without the need to complete a claim form.**

Each Settlement Class Member will ***automatically*** receive their "Settlement Benefit," which is a share of the Refund Balance when divided equally. Settlement ¶ 2.2. The Refund Balance "refers to the Settlement Fund amount minus (a) claims administration and notice

expenses, (b) Plaintiffs' attorneys' fees and costs, and (c) service payments awarded by the Court to the Plaintiffs." *Id.* Settlement Class Members will not be required to submit a claim form to receive their Settlement Benefits. *Id.* Instead, Class Members will receive their *pro rata* share of the settlement by check sent to their last known address. Settlement ¶ 2.3. Class Members will have the option to "(a) provide an updated address for sending a check; (b) elect to receive the Settlement Benefit by PayPal/Venmo, ACH, Zelle, or Virtual Mastercard instead of a paper check; or (c) elect to forego their Settlement Benefit and have it deposited instead into the Brown E-Gap Funds," *id.*, a resource available to Brown students and which are used to support income-eligible Brown students.

Under no circumstances will any portion of the Settlement Fund revert to the Brown general fund. Rather, any amounts from uncashed checks or amounts that Class Members voluntarily elect to forego will go to Brown's E-GAP Funds. Settlement ¶ 2.3. Payments under this Settlement to E-Gap Funds will not serve to reduce Brown's ordinary contributions to the E-Gap Funds. *Id.*

## C.    Release

In exchange for the relief described above, the obligations incurred under this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties. Settlement ¶¶ 5.1–5.3. Upon the Effective Date, the Releasing Parties shall be deemed to have—and by operation of the Final Judgment shall have—fully, finally, and forever released all Released Claims against the Released Parties. *Id.*

## D.    Notice and Administration Expenses

The Settlement Fund will pay the cost of settlement administration expenses, which includes sending the Notice set forth in the Settlement and any other notice as required by the

Court, and all costs of administering the Settlement. Settlement ¶ 1.17. Plaintiffs have identified

a reputable administrator, Angeion Group, to facilitate notice and administration. *Id.* ¶ 1.4.

## E.    Service Awards

In recognition for their efforts on behalf of the Settlement Class, the Parties agreed that

Plaintiffs Choi, House, and Pham receive, subject to Court approval, individual service awards

not to exceed $2,000 each from the Settlement Fund compensation for their time and effort

serving as Class Representatives and as parties to the Action. Settlement ¶ 2.4.

## F.    Class Counsel will apply for attorney fees in an amount not to exceed 30 percent of the Settlement Fund, plus out-of-pocket expenses.

The Settlement Agreement provides that the Settlement Fund may also pay Class Counsel

reasonable attorney fees and to reimburse case expenses, in an amount to be approved by the

Court. Settlement ¶¶ 1.17, 10.1. Class Counsel will apply for an award attorney fees not to

exceed thirty percent (30%) of the Settlement Fund, plus reimbursement of out-of-pocket

expenses. Settlement ¶ 10.1. The Parties have <u>not</u> entered into any clear-sailing agreement with

regard to Class Counsel's motion for attorneys fees and expenses, and Brown has expressly

reserved the right to challenge Class Counsel's request for fees or expenses. *Id.*

## III.    ARGUMENT

"The claims, issues, or defenses of a certified class—or a class proposed to be certified

for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the

court's approval." Fed. R. Civ. P. 23(e)). The Court must determine whether it "will likely be

able to" both (1) certify the class for settlement purposes and (2) find that the settlement is fair,

reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)(B).

**A.       The Court will be able to certify the proposed Settlement Class.**

"Settlement agreements enjoy great favor with the courts as a preferred alternative to costly, time-consuming litigation. *Fid. & Guar. Ins. Co. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008). Settlement spares the litigants the uncertainty, delay, and expense of litigation and appeal while also reducing the burden on judicial resources. Balancing the significant risk, delay, and expense of further litigation against a certain monetary recovery for Class Members demonstrates this settlement is fair and reasonable.

Before granting preliminary approval of a settlement and providing notice to the class where the class has not been certified, the Court must determine whether the class proposed for settlement purposes is appropriate under Rule 23. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997). While the ultimate decision to certify the class is not made until the final approval hearing after the preliminary approval stage, "the parties must ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class." Fed. R. Civ. P. 23, Advisory Committee Note to Subdivision (e)(1).

To proceed as a class action, Plaintiffs must satisfy the four prerequisites of Rule 23(a), otherwise known as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition, at least one of the three requirements of Rule 23(b) must be met. Fed. R. Civ. P. 23(b). Here, the Settlement Class meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3).

**B.       The Class satisfies Rule 23(a).**

**1.       The Class satisfies the numerosity requirement in Rule 23(a)(1).**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the

potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Clough v. Revenue Frontier, L.L.C.*, No. 17-cv-411-PB, 2019 WL 2527300, at *3 (D.N.H. June 19, 2019) (quoting *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009)). Here, the Settlement Class consists of approximately 9,650 students. Kurowski Decl. ¶ 12. The size of the proposed Class is more than sufficient to satisfy Rule 23(a)(1).

> **2.    The claims of the Settlement Class Representatives arise from Brown's conduct satisfying Rule 23(a)(2) and (a)(3).**

The commonality element of Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality is a low bar," and complete commonality of questions among the putative class members is not required. *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008).

The typicality requirement of Rule 23(a)(3) provides that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "To be typical, the representative's claims must "arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and [be] based on the same legal theory." *Garcia-Rubiera*, 570 F.3d at 460.

Here, the claims are common and typical of the Class, as Brown transitioned its in-person Spring 2020 semester courses to remote instruction for all Class Members and did not provide refunds for any Class Members' tuition or certain fees. This action focuses on Defendant's common course of conduct in allegedly breaching its contract with students for an in-person educational experience for the Spring 2020 semester. This action presents many questions common to the Class, including whether the Court erred in granting summary judgment regarding the following questions: (a) whether Defendant engaged in the conduct alleged; (b) whether Defendant's actions deprived Plaintiffs and the Class Members of benefits for which

they already paid, including the benefit of in- person services and student activities; (c) whether Defendant has a policy and/or procedure of denying refunds, in whole or in part, to Plaintiffs and Class Members; (d) whether Defendant breached identical contracts with Plaintiffs and Class Members; (e) whether Defendant violated the common law of unjust enrichment; (f) whether Defendant converted Plaintiffs' and Class Members' refunds and/or rights to refunds; (g) the nature and extent of damages and other remedies to which the conduct of Defendant entitles Class Members to the requested relief. *See* FAC ¶ 30; ECF 67. These common questions, which target the same alleged conduct by Brown, satisfy the commonality requirement of Rule 23(a)(2).

Additionally, Class Representatives pursue the same claims as the Class based on the same legal theories and the same alleged course of conduct: that Plaintiffs and Class Members paid Spring 2020 semester tuition and fees in exchange for in-person services they did not receive. Because the Class Representatives have experienced the same type of injury as the Class Members and proceed under the same legal theory, typicality requirement of Rule 23(a)(3) is satisfied.

### 3.    Under Rule 23(a)(4), the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

The fourth and final requirement is Rule 23(a)(4), which provides that "the representative party will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy is met when "first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). These two requirements are satisfied here.

First, there are no conflicts between the Class Representatives and the Class. Throughout the pendency of this action, the Class Representatives have adequately and vigorously represented their fellow Class Members. They have spent significant time assisting their counsel, providing information regarding Defendant's policies and practices, searching for and providing documents, and assisting in settlement negotiations. Kurowski Decl. ¶ 20.

Second, Class Counsel is highly experienced and well-versed in complex class action litigation, including in Spring 2020 tuition and fee refund cases. Kurowski Decl. ¶ 15. Courts across the country have recognized Hagens Berman Sobol Shapiro LLP's experience in complex class litigation and their skilled and effective representation. *Id. See also* Exhibit 2 (Firm Resume). Accordingly, Rule 23 (a)(4) is satisfied.

## C.    The Class should be certified under Rule 23(b)(3).

Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(3). As to the predominance and superiority requirements of Rule 23(b)(3), when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there will be no trial." *Amchem Prods.*, 521 U.S. at 620 (explaining that subdivision 23(b)(3)(D) drops out of the analysis).

### 1.    Common questions of law or fact predominate.

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citations omitted). When "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried

separately, such as damages or some affirmative defenses particular to some individual Class members." *Id.* (citation omitted).

Common questions of law and fact predominate here. All Class Members are students enrolled at Brown during the Spring 2020 semester who paid tuition and fees expecting to receive in-person education. Determining whether the Court erred in granting summary judgment and concluding Plaintiffs did not provide sufficient evidence Brown breached a contract and an implied contract to provide students with in-person services for the Spring Semester 2020, and was unjustly enriched, are central questions common to each Class Member's claim, and any individual issues are rendered irrelevant by the terms of the proposed Settlement. Accordingly, this Court should find that common questions predominate over individual issues for settlement purposes.

### 2.    Class settlement is superior to alternate methods of adjudication.

Rule 23(b)(3) also requires a class action to be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). The superiority requirement "ensures that litigation by class action will achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Solodyn Antitrust Litig*., No. 14-md-02503, 2017 WL 4621777, at *21 (D. Mass. Oct. 16, 2017) (citation, internal quotation marks, and ellipsis omitted).

Here, class treatment is superior to other methods of adjudication. The maintenance of individual lawsuits by Class Members would be unmanageable, costly, and an inefficient use of judicial resources. Counsel is unaware of any individual actions that have been instituted by Class Members. Kurowski Decl. ¶ 21. Thus, both fairness and efficiency support class certification. *Id.*

Class certification therefore will permit a large number of students to adjudicate their common claims in a single forum simultaneously, effectively, and efficiently, without the duplication of effort and expense that numerous individual actions would involve. Moreover, the class action vehicle provides class members with the opportunity for an expeditious resolution as opposed to protracted litigation that might result in no benefit at all, particularly where, as here, this Court previously and completely dismissed all claims in this case in Defendant's favor. The class action device provides superior means to resolve this controversy effectively and efficiently.

As all the requirements of Rule 23 are satisfied, certification of the Class under Rule 23(b)(3) is appropriate, and this Court should preliminarily approve the Settlement.

## IV.    THE PROPOSED SETTLEMENT IS PRESUMPTIVELY FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE PRELIMINARILY APPROVED.

The court must determine if the proposed Settlement is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2). "There is a presumption in favor of the settlement "[i]f the parties negotiated at arm's length and conducted sufficient discovery." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32–33 (1st Cir. 2009) (citing *City Pship Co. v. Atl. Acq. Ltd. Pship*, 100 F.3d 1041, 1043 (1st Cir. 1996)). The Court considers "the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009).

Courts within the First Circuit have considered four factors to determine whether a settlement is entitled to a presumption of fairness: "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *Hochstadt v. Bos. Sci. Corp.*, 708

F. Supp. 2d 95, 107 (D. Mass. 2010) (quoting *In re Lupron Mktg. and Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004). The fourth factor is relevant primarily for final approval after the notice period and class members were given an opportunity to object.

Here, the proposed Settlement fairly resolves the claims and adequately compensates Class Members for losing the in-person educational experiences and services for which they paid. The proposed Settlement also establishes a fair, equitable, and manageable basis for determining each Class Member's share. This Settlement is well within the range of reasonableness and this Court should preliminarily approve the Settlement and order notice to issue to the Settlement Class.

**A.    The Settlement is based on arm's length negotiations.**

The Parties engaged in two mediation sessions with the Hon. Patrick King (Ret.), an experienced mediator, to assist in reaching the proposed Settlement. Following these mediation sessions, the Parties finalized the Settlement through several weeks of additional negotiations and other extensive communications. Kurowski Decl. ¶¶ 8–11. This Settlement is the product of a mediation with an experience and skilled mediator, bolstering the claim the Parties bargained at an arm's length. Additionally, prior to the mediation Plaintiffs provided mediation correspondence to Judge King, further evaluating their claims and the facts underlying Plaintiffs' allegations and Defendant's arguments before and during this litigation. Kurowski Decl. ¶ 7.

**B.    There was extensive investigation and exchange of information in discovery.**

This Settlement occurred after the close of discovery, and more than sufficient information was exchanged during the discovery process for the Parties to make an informed judgment about the Settlement. Indeed, the Parties exhaustively investigated the facts underlying all claims and defenses during the pendency. Kurowski Decl. ¶¶ 4–6. The Parties considered strengths and weaknesses of their respective positions. *Id*. ¶ 7. They fully briefed and fought

summary judgment proceedings. *Id.* ¶ 5. *See also* ECF 67 (ruling on the Parties' summary judgment submissions). The Parties exchanged further information through written correspondence, phone calls, and two mediation sessions. *Id.* ¶¶ 8–10. Accordingly, the Settlement is based on extensive investigation of the facts and law, the exchange of ample information, and based on arm's length negotiations between the Parties.

**C.    Counsel is highly experienced in similar litigation.**

Hagens Berman Sobol Shapiro LLP has extensive expertise litigating and settling complex class actions, including in Spring 2020 tuition and fee refund cases. Kurowski Decl. ¶ 15. Thus, counsel's recommendation that the Settlement is favorable to the Class is entitled to significant weight and further supports a presumption of fairness.

**D.    The settlement is fair and reasonable.**

This Settlement is entitled to the presumption of fairness due to the arm's length settlement negotiations conducted after robust discovery by experienced attorneys. S*ee City PShip Co. v. Atl. Acq. Ltd.*, 100 F.3d 1041, 1043 (1st Cir. 1996); *Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 240 (D.R.I. 2012). This Court dismissed the claims at summary judgment, and a Notice of Appeal was filed in the First Circuit. Settlement spares the litigants the uncertainty, delay, and expense of appeal while also reducing the burden on judicial resources. Balancing the significant risk, delay, and expense of further litigation against a certain monetary recovery for Class Members demonstrates this Settlement is fair and reasonable.

The negotiations here strongly support approval of the Settlement. The Court should conclude that the settlement benefits are sufficient to warrant preliminary approval. At the final approval stage, the Court will have the opportunity to fully assess the sufficiency of the Settlement amount by considering the potential recovery as well as the Class Members'

reception. At this stage, however, the Court has more than a sufficient basis to find that the proposed Settlement comes well within the range of possible approval and the $1.5 million non-reversionary Settlement amount represents a successful outcome for the Class. As this Settlement was negotiated at arm's length by experienced counsel after significant discovery, with a mediator's assistance, it should be preliminarily approved.

## V.    THIS COURT SHOULD APPOINT PLAINTIFFS CHOI, HOUSE, AND PHAM AS CLASS REPRESENTATIVES AND HAGENS BERMAN SOBOL SHAPIRO LLP AS CLASS COUNSEL

The Court should also appoint Mr. Choi, Ms. House, and Ms. Pham as Class Representatives. Plaintiffs have actively developed this case and vigorously represented the interests of the Class. They have provided counsel with information to help prepare and advance the case, responded to multiple information requests, and represented the Class in settlement discussions. Kurowski Decl. ¶ 20. Therefore, this Court should appoint Mr. Choi, Ms. House, and Ms. Pham as Class Representatives.

The Settlement Agreement provides that the Class Representatives may receive a service award up to $2,000 each. Settlement ¶ 2.4. These payments are in recognition of their active role in pursuing the litigation on behalf of Class Members, including assisting counsel with information gathering and discovery. Courts routinely approve service awards to compensate Class Representatives for lending their names and efforts to prosecute cases on behalf of others. *See In re Compact Disc Min. Advert. Price Antitrust Litig*., 292 F. Supp. 2d 184, 189 (D. Me. 2003).

Fed. R. Civ. P. 23(g)(1) requires that when a court certifies a class, the court must also appoint class counsel. The Court should consider the work counsel has undertaken, counsel's experience in handling class actions, counsel's knowledge of the applicable law, and the

resources that counsel brought to bear in the matter. *See* Rule 23(g)(1)(i)–(iv). Rule 23(g)(4) requires that counsel must also "fairly and adequately represent the interests of the class."

This Court should appoint Hagens Berman Sobol Shapiro LLP as Class Counsel. Hagens Berman has substantial experience in successfully prosecuting class actions throughout the country, including in Spring 2020 tuition and fee refund cases. Kurowski Decl. ¶ 15; Ex. 2. Both before and throughout this litigation, Class Counsel conducted a full and thorough investigation. Kurowski Decl. ¶ 4. Class Counsel has zealously represented the interests of the Class and committed substantial resources to resolving the class claims. Kurowski Decl. ¶ 22. Therefore, this Court should appoint Hagens Berman Sobol Shapiro LLP as Class Counsel.

The Settlement provides that Class Counsel will petition the Court for attorney fees and expenses of not more than thirty percent (30%) of the Settlement fund. The First Circuit has recognized seeking a percentage of recovery is results-oriented and promotes an efficient use of attorney time and resources. *See In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig*., 56 F.3d 295 (1st Cir. 1995). The reasonableness of the Settlement amount and attorney fees and costs support approval of the Settlement.

## VI.    THE PROPOSED NOTICE PLAN PROVIDES THE BEST PRACTICABLE NOTICE

Under Rule 23(c)(2) and Rule 23(e) of the Federal Rules of Civil Procedure, the Court must direct the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Rule 23(c)(2)(B) sets forth certain required information to be in the Notice. Any notice provided to Class Members should "clearly and concisely state in plain, easily understood language" the nature of the action, the class definition, the class claims, issues, or defenses, and the binding effect of a class judgment on Settlement Class Members. See Fed R. Civ. P. 23(c)(2). Notice is "adequate if it may be

understood by the average class member." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (internal quotations and citations omitted). The form of class notice proposed here complies with those requirements.

Here, the Notice provides detailed information about the Settlement, including: (1) a comprehensive summary of its terms; (2) Class Counsel's intent to request attorney fees, reimbursement of expenses, and service awards for the named Plaintiffs; and (3) detailed information about the Released Claims. *See* Settlement Exhibit A (separately attached to Exhibit 1 of Kurowski Decl.). In addition, the Notice provides information about the Fairness Hearing date, the rights of Class Members to seek exclusion from the Class or to object to the proposed Settlement (and the deadlines and procedure for doing so), and the procedure to receive additional information. *Id.* In short, the Notice is intended to fully inform Class Members of the lawsuit, the proposed Settlement, and the information they need to make informed decisions about their rights. The very detailed information in this proposed notice goes well beyond the requirements of the Rules. Indeed, courts have approved class notices even when they provided only general information about a settlement.

The Parties have agreed upon a notice plan that easily satisfies the requirements of Rule 23(c)(2)(B). Brown will generate an electronic list from its records that includes the names, last known email, and last known postal addresses belonging to Persons within the Settlement Class. Settlement ¶ 6.1. This electronic document shall be called the "Class List," and Brown will provide it to the Claims Administrator. *Id.*

Next, the Settlement Administrator shall send Notice via email, substantially in the form attached as Exhibit B, to all Settlement Class Members for whom a valid email address is in the

Class List. Where an email address is not available for a Settlement Class Member, notice will be sent to the Settlement Class Member's last known mailing address. Settlement ¶ 6.2.

Within fourteen (14) days from entry of the Preliminary Approval Order, Notice will also be provided on a website which will (1) allow Settlement Class Members to provide an updated mailing address to receive a physical check or to elect to receive their Settlement Payment via by PayPal/Venmo, ACH, Zelle, or Virtual Mastercard, and (2) allow Settlement Class Members to elect to have their benefits paid to the Brown E-GAP Funds rather than to themselves. Settlement ¶ 9.1. The Claims Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement by, among other things, providing Notice, accepting, and processing any written requests for exclusion by Settlement Class Members as set forth in Paragraph 8, calculating and providing the Settlement Benefit to Settlement Class Members, and undertaking other administrative tasks in a rational, responsive, cost effective, and timely manner. Settlement ¶ 9.2.

The Court should approve the proposed notice and direct it be disseminated as proposed by the Parties.

## VII.    CONCLUSION

For the reasons set forth above and for good cause shown, Plaintiffs respectfully request that the Court grant their motion for preliminary approval of the Settlement. A Proposed Order granting preliminary approval, certifying the Settlement Class, appointing Class Counsel, and approving the Proposed Notice of Settlement, and providing clear instructions regarding necessary interim deadlines in advance of a final approval hearing, accompanies this motion. Plaintiffs further request the Court grant them all such relief as the Court deems necessary and appropriate.

Dated: August 8, 2022

Respectfully submitted,

By: */s/ Daniel J. Kurowski*

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594
*steve@hbsslaw.com*

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
T: (708) 628-4949
F: (708) 628-4950
*dank@hbsslaw.com*
*whitneys@hbsslaw.com*

Stephen M. Prignano (3649)
David J. Strachman (4404)
MCINTYRE TATE LLP
50 Park Row West, Suite 109
Providence, Rhode Island 02903
T: (401) 351-7700
F: (401) 331-6095
*sprignano@mcintyretate.com*
*dstrachman@mcintyretate.com*

*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

**<u>CERTIFICATE OF SERVICE</u>**

  The undersigned attorney of record hereby certifies that on August 8, 2022, I filed

this document through the Court's CM/ECF system, which caused this document to be

served electronically to all counsel of record.


              */s/ Daniel J. Kurowski*