**UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HYUN CHOI, ANNA HOUSE, and AMY PHAM, individually and on behalf of all others similarly situated, | No. 1:20-cv-00191-JJM-LDA |
| Plaintiffs, | Chief Judge John J. McConnell, Jr. |
| v. | Magistrate Judge Lincoln D. Almond |
| BROWN UNIVERSITY, | |
| Defendant. | |

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   MATERIAL TERMS OF THE SETTLEMENT ............................................... 2

    A.  The Class Definition. ................................................................................... 2

    B.  The Settlement's Benefit to Class Members—Automatic Monetary Relief. ............... 2

    C.  Notice to the Class. ...................................................................................... 2

III.  ARGUMENT ..................................................................................................... 3

    A.  The Settlement is fair, reasonable, and adequate, and should be finally approved. ..... 4

        1.  Rule 23(e)(2)(A): The Class Representatives and Class Counsel have vigorously represented the Class .................................................................. 4

        2.  Rule 23(e)(2)(B): The Settlement resulted from informed arm's length negotiations. .......................................................................... 5

        3.  Rule 23(e)(2)(C): The relief under the Settlement is outstanding. ....................... 6

            a.  Rule 23(e)(2)(c)(i): The relief provided for the Class is substantial, particularly considering the costs, risks, and delay of trial. ............................. 6

            b.  Rule 23(e)(2)(C)(ii): The Settlement claims process is effective. ................... 6

            c.  Rule 23(e)(2)(C)(iii): The terms of the proposed award of attorney's fees are reasonable. .......................................................................... 7

            d.  Rule 23(e)(2)(C)(iv): There are no undisclosed side agreements. ................... 7

        4.  Rule 23(e)(2)(D): The Settlement treats Class Members equitably relative to each other. .......................................................................................... 7

    B.  The Court should certify the Settlement Class. ............................................... 8

        1.  The Class meets the requirements of Rule 23(a). .................................................. 8

            a.  The Class is sufficiently numerous. ................................................................. 8

            b.  There are common questions of both law and fact. .......................................... 8

            c.  Plaintiffs' claims are typical. .......................................................................... 9

d.  Plaintiffs and Class Counsel have and will continue to fairly and adequately protect the interests of the Class. ........................................................ 9

2.  The Class meets the requirements of Rule 23(b)(3). ........................................... 10

a.  Common issues of law and fact predominate. ................................................. 10

b.  Class treatment is superior in this case. .......................................................... 11

C.  Plaintiffs have complied with all additional approval factors. ................................ 11

1.  Plaintiffs have provided adequate notice under Rule 23(b)(3) and Rule 23(c)(2)(B) through a direct notice campaign. ...................................................... 11

2.  The positive response of Class Members to the Settlement supports final approval. ................................................................................................................. 13

3.  Experienced Class Counsel support the settlement. ............................................. 13

IV.    CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

*Amchem Prods. v. Prods. v. Windsor*,
  521 U.S. 591 (1997)................................................................................................10

*Andrews v. Bechtel Power Corp.*,
  780 F.2d 124 (1st Cir. 1985)....................................................................................10

*Baptista v. Mut. of Omaha Ins. Co.*,
  859 F. Supp. 2d 236 (D.R.I. 2012)............................................................................5

*In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. & Sales Practices Litig.*,
  No. 12-MD-2320-PB, 2015 WL 7282543 (D.N.H. Nov. 16, 2015)........................13

*Durrett v. Housing Auth. of Providence*,
  896 F.2d 600 (1st Cir. 1990)......................................................................................6

*García-Rubiera v. Calderón*,
  570 F.3d 443 (1st Cir. 2009)......................................................................................9

*Glynn v. Maine Oxy-Acetylene Supply Co.*,
  No. 2:19-CV-00176-NT, 2022 WL 17617138 (D. Me. Dec. 13, 2022) ...................5

*Hill v. State St. Corp.*,
  No. CIV.A. 09-12146-GAO, 2015 WL 1734996 (D. Mass. Apr. 16, 2015) ...........12

*Lucas v. Kmart Corp.*,
  234 F.R.D. 688 (D. Colo. 2006) ................................................................................5

*Medoff v. CVS Caremark Corp.*,
  No. 09-cv-554-JNL, 2016 WL 632238 (D.R.I. Feb. 17, 2016) ..............................13

*Nat'l Ass'n of Chain Drug Stores v. New Engl. Carpenters Health Benefits Fund*,
  582 F.3d 30 (1st Cir. 2009)........................................................................................3

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
  522 F.3d 6 (1st Cir. 2008)..........................................................................................8

*In re Pharm. Indus. Average Wholesale Price Litig.*,
  588 F.3d 24 (1st Cir. 2009)....................................................................................3, 6

*Reppert v. Marvin Lumber & Cedar Co.*,
  359 F.3d 53 (1st Cir. 2004)......................................................................................12

*Rolland v. Cellucci,*
    191 F.R.D. 3 (D. Mass 2000)......................................................................................13

*Sadowska v. Volkswagen Grp. of Am., Inc.,*
    No. CV 11-00665, 2013 WL 9600948 (C.D. Cal. Sept. 25, 2013).............................6

*In re Solodyn Antitrust Litig.,*
    No. 14-md-02503, 2017 WL 4621777 (D. Mass. Oct. 16, 2017)..........................11

*Tyson Foods, Inc. v. Bouaphakeo,*
    136 S. Ct. 1036 (2016)..........................................................................................10

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
    396 F.3d 96 (2d Cir. 2005)....................................................................................13

## OTHER AUTHORITIES

Adv. Cmt. Note R. 23 ............................................................................ *passim*

Fed. R. Civ. P. 23 ................................................................................. *passim*

## I.    INTRODUCTION

Plaintiffs Hyun Choi, Anna House, and Amy Pham ("Plaintiffs" or "Class Representatives"), by and through their attorneys ("Class Counsel"), respectfully request the Court enter an order granting final approval of their proposed class action settlement (the "Settlement") with Defendant Brown University ("Brown" or "Defendant") to resolve claims for breach of contract when Brown transitioned classes from in-person, on-campus education to remote learning during the Spring 2020 semester due to the COVID-19 pandemic. The Settlement requires Defendant to pay $1,500,000 to a non-reversionary fund, which is to be administered by the Claims Administrator to pay pro rata shares to each Class Member (net of attorney's fees and costs).

This Settlement is an exceptional result. The Settlement provides automatic and certain compensation for thousands of students enrolled at Brown during the Spring 2020 semester. The notice campaign was robust and Class Member response has been extremely positive—there were no objections and only one Class Member opted out. Direct notice was sent to 9,646 Class Members using Brown's contact information records. A settlement website, https://www.brownuniversitysettlement.com, provided Class Members with detailed information on the Settlement. Payments will be distributed to Class Members automatically without requiring claim forms. The Settlement also offered an option for students to affirmatively choose to donate to Brown's E-Gap funds (a student assistance fund), without reducing Brown's normal contribution to this find. While the claim award amounts have not yet been determined,[1] the Settlement Amount is sufficient to pay all Class Members.

---

[1] The claim award amounts have not yet been determined because the Settlement provides administrative expenses, and attorneys' fees and any service awards will be distributed from the Settlement Amount pursuant to the Court's order. On November 29, 2022, Class Counsel filed their Motion for Attorneys' Fees, Costs, Expenses, and Service Awards seeking thirty percent (30%) of the Settlement fund plus expenses or $456,236.54, and service awards of

Plaintiffs and Class Counsel submit this Settlement is fair, reasonable, and adequate, and is an excellent result for the Class. Plaintiffs respectfully request that the Court grant Final Approval of the Settlement and certify the Class for settlement purposes.

## II.    MATERIAL TERMS OF THE SETTLEMENT

### A.    The Class Definition.

The Class consists of all students who were enrolled at Brown for the Spring 2020 semester as of March 6, 2020. Settlement ¶ 1.15.

### B.    The Settlement's Benefit to Class Members—Automatic Monetary Relief.

Each Settlement Class Member will ***automatically*** receive their Settlement Benefit, a pro rata share of the Settlement, without having to submit a claim form. Settlement ¶ 2.2–2.3. Class Members had the option to "(a) provide an updated address for sending a check; (b) elect to receive the Settlement Benefit by PayPal/Venmo, ACH, Zelle, or Virtual Mastercard instead of a paper check; or (c) elect to forego their Settlement Benefit and have it deposited instead into the Brown E-Gap Funds," *id*., a resource available to Brown students and which are used to support income-eligible Brown students. Under no circumstances will any portion of the Settlement Fund revert to the Brown general fund. Rather, any amounts from uncashed checks or amounts that Class Members voluntarily elect to forego will go to Brown's E-Gap Funds. Settlement ¶ 2.3. Payments under this Settlement to E-Gap Funds will not reduce Brown's ordinary contributions to the E-Gap Funds. *Id.*

### C.    Notice to the Class.

Notice to the Class followed this Court's September 6, 2022 preliminary approval order. [ECF 78]. On September 21, 2022, the Settlement website was activated to include information

---

$2,000 for each Class Representative. As of November 30, 2022, Angeion Group's administrative expenses were approximately $27,393.65. Declaration of Rebecca Taylor ("Taylor Decl.") ¶ 16.

about the Settlement, key deadlines, and access to important documents, including the Notice, Settlement Agreement, and this Court's Orders. Declaration of Rebecca Taylor ("Taylor Decl.") ¶ 8. The next day, on September 22, 2022, the Notice Plan was commenced under the Settlement Agreement. *Id.* ¶¶ 5–6. The Claims Administrator directed notice to 9,646 Class Members, using Brown's contact information records. *Id.* ¶ 5. The Claims Administrator directed 16,638 emails to each Brown University email address and personal email address provided on the Class List. *Id.* The Claims Administrator also mailed 57 postcard notices to Class Members without valid email addresses and email addresses that were undeliverable. *Id.* ¶ 6. Class Counsel's email addresses were provided, and the Claims Administrator established a settlement-specific dedicated email address to respond to questions from Class Members. *Id.* ¶ 9. Additionally, it also established and dedicated a 24/7 toll-free hotline for information about the Settlement. *Id.* ¶ 10. Notice was highly effective reaching nearly every member of the Class list provided by Defendant (i.e., 3 of 9,646 Class Members). *Id.* ¶ 7.

### III.    ARGUMENT

To grant final approval to a class action settlement, the Court must determine the Settlement is "fair, reasonable, and adequate" under Rule 23(e)(2). "If the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32–33 (1st Cir. 2009). While the Court considers a "laundry list[] of factors" pertaining to the reasonableness of a class action settlement, the First Circuit noted "the ultimate decision by the judge involves balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *Nat'l Ass'n of Chain Drug Stores v. New Engl. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009).

Rule 23(e)(2) prescribes specific factors for evaluation of whether a class action settlement is fair and reasonable. The factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (3) the terms of any proposed award of attorney's fees, including timing of payment; and (4) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other Fed. R. Civ. P. 23(e)(2). Here, the Settlement readily meets those requirements. As the Court recognized at the preliminary approval stage, the Settlement Class meets the requirements of Rule 23(a) and 23(b)(3) and should be finally certified.

**A.      The Settlement is fair, reasonable, and adequate, and should be finally approved.**

> **1.    Rule 23(e)(2)(A): The Class Representatives and Class Counsel have vigorously represented the Class.**

Rule 23(e)(2)(A) requires the Court to ensure "the class representatives and class counsel have adequately represented the class," similar to the adequacy requirement under Rule 23(a)(4). Considerations at this stage can include "the nature and amount of discovery in this or other cases, or the actual outcomes of other cases," which "may indicate whether counsel negotiating on behalf of the class had an adequate information base." Adv. Cmt. Note R. 23

Class Counsel have demonstrated their adequacy though the vigorous prosecution of this case, including detailed investigation into the facts of the case, discovery, briefing and arguing both motions to dismiss and summary judgment, filing a notice of appeal, and numerous mediation sessions and negotiations. Plaintiffs have demonstrated their adequacy by fully

participating in the case, assisting counsel with the investigation, providing facts, and information, and responding to discovery. This factor supports final approval of the Settlement.

## 2. Rule 23(e)(2)(B): The Settlement resulted from informed arm's length negotiations.

Under Rule 23(e)(2)(B), the Court considers whether the Settlement was "negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). The Court considers the "conduct of the negotiations." Adv. Cmt. Note R. 23. "[T]he involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests." *Id.* Additionally, the Court may look at "the treatment of any award of attorneys' fees, with respect to both the manner of negotiating the fee award and its terms." *Id.*

The Settlement results from good faith negotiations between Class Counsel and counsel for Brown. The participation of experienced mediator, Hon. Patrick King (Ret.) in the settlement negotiation process underscores the procedural fairness of the Settlement. The parties engaged in two mediation sessions with Judge King and finalized the Settlement through several weeks of additional negotiations and other extensive communications. *See Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 241 (D.R.I. 2012) (confirming existence of arm's length negotiations with the services of a mediator); *see also Glynn v. Maine Oxy-Acetylene Supply Co*., No. 2:19-CV-00176-NT, 2022 WL 17617138, at *4 (D. Me. Dec. 13, 2022) (determining there was arm's length negotiations after multiple days of mediation).

The parties discussed attorney's fees for Class Counsel and Class Representative service awards *only* after first agreeing on the monetary relief for the Class. "The fact that the parties . . . did not discuss attorneys' fees until all other issues were virtually finalized, is also indicative of a fair and arm's-length process." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006)*;*

*Sadowska v. Volkswagen Grp. of Am., Inc.*, No. CV 11-00665, 2013 WL 9600948, at *8 (C.D. Cal. Sept. 25, 2013) (approving settlement and finding agreement on fees and expenses reasonable where "[o]nly after agreeing upon proposed relief for the Class Members, did the parties discuss attorneys' fees, expenses, and costs"). Therefore, the Settlement meets the considerations of Rule 23(e)(2)(B).

### 3. Rule 23(e)(2)(C): The relief under the Settlement is outstanding.

#### a. Rule 23(e)(2)(C)(i): The relief provided for the Class is substantial, particularly considering the costs, risks, and delay of trial.

Under Rule 23(e)(2)(C)(i), the Court must consider "costs, risks, and delay of trial and appeal." The First Circuit has a policy of encouraging class action settlements. *Durrett v. Housing Auth. of Providence*, 896 F.2d 600, 604 (1st Cir. 1990). Achieving settlement is difficult; district judges must realistically evaluate class settlements based on the circumstances of the case. *In re Pharm.*, 588 F.3d at 36. While Plaintiffs believe in their case, this Court dismissed all claims at the motion to dismiss and summary judgment stages. Continuing this litigation would be complex and uncertain. Settlement spares the litigants the risk, delay, and expense of an appeal and resolution by the First Circuit, and potential further litigation while also reducing the burden on judicial resources. The Settlement's certain, immediate, and substantial benefits to the Class Members shows this Settlement is fair and reasonable. This Settlement removes the risks and delays of litigation in exchange for immediate, guaranteed monetary compensation. The Settlement meets the considerations of Rule 23(e)(2)(C)(i).

#### b. Rule 23(e)(2)(C)(ii): The Settlement claims process is effective.

Rule 23(e)(2)(C)(ii) considers whether the methods of distribution and claims processing are effective. The Settlement provides an easy and efficient method of distributing payments to

Class Members without further action from them. Only one Class Member opted out, and every other Class Member will receive an automatic payment of an equal share of the Settlement.

### c. Rule 23(e)(2)(C)(iii): The terms of the proposed award of attorney's fees are reasonable.

Under Rule 23(e)(2)(C)(iii), the Court must consider whether "the terms of any proposed award of attorneys' fees, including time of payment" are reasonable. Here, the Settlement Agreement states that the Settlement Fund may also pay Class Counsel reasonable attorney fees and to reimburse case expenses, in an amount to be approved by the Court. Settlement ¶¶ 1.17, 10.1. Class Counsel applied for an award of attorney fees not to exceed thirty percent (30%) of the Settlement Fund, plus reimbursement of out-of-pocket expenses. [ECF 79]; Settlement ¶ 10.1. Class Counsel provided notice of their motion and the opportunity to object via the Settlement Website. There were no objections or oppositions to the attorney fees motion filed by the December 13, 2022 deadline ordered by the Court. [ECF 78]. Nor have any untimely objections or oppositions been received as of this filing. As a result, the motion is unopposed.

### d. Rule 23(e)(2)(C)(iv): There are no undisclosed side agreements.

Under Rule 23(e)(2)(C)(iv), the Court must consider any agreements to be identified under Rule 23(e)(3). Rule 23(e)(3) requires the parties seeking approval for a class action settlement to "file a statement identifying any agreement made in connection with the proposal." There are no agreements to disclose under Rule 23(e)(3), the Settlement is the sole agreement. Thus, the Settlement meets the considerations of Rule 23(e)(2)(C)(iv).

### 4. Rule 23(e)(2)(D): The Settlement treats Class Members equitably relative to each other.

Rule 23(e)(2)(D) requires that the Court consider whether "the proposal treats class members equitably relative to each other." This factor is intended to make sure a proposed settlement does not include "inequitable treatment of some Class members vis-a-vis others."

Adv. Cmt. Note R. 23. All Class Members will receive the same Settlement benefit and all Class Members are treated equitably under the Settlement.

For the reasons detailed above, the Settlement satisfies all the Rule 23(e)(2) factors in favor of final Settlement approval.

**B.     The Court should certify the Settlement Class.**

**1.     The Class meets the requirements of Rule 23(a).**

Under Rule 23(a), the proponent of class certification must show that the proposed class meets the requirements of (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. In their Preliminary Approval Motion, Plaintiffs explained why Rule 23(a)'s and Rule 23(b)(3)'s requirements are readily met here for Settlement purposes, which apply equally on final approval. [ECF 76]. Nevertheless, Plaintiffs briefly address these elements here as well.

**a.     The Class is sufficiently numerous.**

Rule 23(a)(1) is satisfied when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). It is undisputed that the Class consists of 9,646 students, far exceeding the numerosity threshold. Rule 23(a)(1) is satisfied.

**b.     There are common questions of both law and fact.**

The commonality element of Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality is a low bar," and complete commonality of questions among the putative class members is not required. *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008).

This action focuses on Defendant's common course of conduct in allegedly breaching a contract with students for in-person educational experiences for the Spring 2020 semester such as: (a) whether Defendant engaged in the conduct alleged; (b) whether Defendant's actions deprived Plaintiffs and Class Members of benefits for which they already paid, including the

benefit of in-person services and student activities; (c) whether Defendant has a policy and/or procedure of denying refunds, in whole or in part, to Plaintiffs and Class Members; (d) whether Defendant breached identical contracts with Plaintiffs and Class Members; (e) whether Defendant violated the common law of unjust enrichment; (f) whether Defendant converted Plaintiffs' and Class Members' refunds and/or rights to refunds; (g) the nature and extent of damages and other remedies to which the conduct of Defendant entitles Class Members to the requested relief. The answers to such questions are the same as to each Class Member, and these answers are central to the litigation. Rule 23(a)(2)'s commonality requirement is satisfied.

### c.  Plaintiffs' claims are typical.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "To be typical, the representative's claims must arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and [be] based on the same legal theory." *García-Rubiera v. Calderón*, 570 F.3d 443, 460 (1st Cir. 2009). Plaintiffs and Class Members claim they paid Spring 2020 semester tuition and fees in exchange for in-person services they did not receive. Because the Class Representatives have experienced the same type of injury as the Class Members and proceed under the same legal theory, typicality requirement of Rule 23(a)(3) is satisfied.

### d.  Plaintiffs and Class Counsel have and will continue to fairly and adequately protect the interests of the Class.

Rule 23(a)(4) requires that the named Plaintiffs and Class Counsel "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts consider two questions to evaluate whether the adequacy of representation requirement of Rule 23(a)(4) is satisfied: (1) "the interests of the representative party will not conflict with the interests of any of

the class members," and (2) "that counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). These two requirements are satisfied here.

Plaintiffs agreed to serve in a representative capacity, and spent significant time assisting their counsel, reviewed the complaint, provided information regarding Defendant's policies and practices, searched for and provided documents, assisted in settlement negotiations. There are no conflicts between individual Plaintiffs and the Class. Likewise, Class Counsel are highly qualified and well-versed in complex class action litigation, including in Spring 2020 tuition and fee refund cases *See* [ECF 78.] Accordingly, Rule 23(a)(4) is satisfied.

### 2. The Class meets the requirements of Rule 23(b)(3).

Once the prerequisites of Fed. R. Civ. P. 23(a) are satisfied, the Court must determine if one of the subparts of Rule 23(b) is also satisfied. As to the predominance and superiority requirements of Rule 23(b)(3), when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there will be no trial." *Amchem Prods. v. Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (explaining that subdivision 23(b)(3)(D) drops out of the analysis).

### a. Common issues of law and fact predominate.

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citations omitted). Common questions of law and

fact predominate here. All Class Members are students enrolled at Brown during the Spring 2020 semester as of March 6, 2020. Thus, issues common to the Class predominate.

      **b. Class treatment is superior in this case.**

Rule 23(b)(3) also requires a class action to be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). The superiority requirement "ensures that litigation by class action will achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Solodyn Antitrust Litig.*, No. 14-md-02503, 2017 WL 4621777, at \*21 (D. Mass. Oct. 16, 2017) (citation, internal quotation marks, and ellipsis omitted). Here, class treatment is superior to other methods of adjudication. Class certification will permit a large number of students to adjudicate their common claims in a single forum simultaneously, effectively, and efficiently, without the duplication of effort and expense that many individual actions would involve. Rule 23(b)(3) is satisfied.

**C.    Plaintiffs have complied with all additional approval factors.**

    **1.   Plaintiffs have provided adequate notice under Rule 23(b)(3) and Rule 23(c)(2)(B) through a direct notice campaign.**

Next Plaintiffs have provided the best notice practicable: direct notice to the Class Members with the assistance of a professional notice administrator. Class actions brought under Rule 23(b)(3) must satisfy the notice provisions of Rule 23(c)(2). Rule 23(c)(2) prescribes the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2). "The ultimate goal of giving notice is to enable Class members to make informed decisions about whether to opt out or, in instances where a proposed settlement is involved, to object or make

claims." Adv. Cmt. Note R. 23. In some cases, the court and counsel "may wish to consider the use of class notice experts or professional claims administrators." *Id.* In opt-out actions, the proposed method "should be as convenient as possible, while protecting against unauthorized opt-out notices." *Id.* Notice need not be perfect, so long as the notice "is reasonably calculated to reach the absent class members." *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004); *see also Hill v. State St. Corp.*, No. CIV.A. 09-12146-GAO, 2015 WL 1734996, at *2 (D. Mass. Apr. 16, 2015) (due process satisfied even though some class members received notice after objection deadline).

Here, the Notice Plan implemented after preliminary approval satisfies both Rule 23 and due process. The Notices included all the information required under Rule 23(c)(2)(B) and approved by the Court: they informed Class Members of the nature of the action, the Class definition, the Class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, and the binding effect of final approval.

As discussed above in Section II.C., *supra*, the notice campaign has succeeded both procedurally and substantively. Angeion, the Claims Administrator, implemented a direct notice campaign via mail and email, using the Class List from Brown's records. Taylor Decl. ¶ 4. Notice was emailed to all email addresses provided, *personal and Brown University emails*, for a total of 16,638 emails. *Id*. ¶ 5. Angeion mailed notice to those that only had mailing addresses listed or if the emails were undelivered to ensure all students enrolled at Brown during the Spring 2020 semester were aware of the Settlement and their rights. *Id*. ¶¶ 5–7. The Settlement Administrator established the Settlement Website and set-up a toll-free number that individuals could call to obtain information about the Settlement. *Id*. ¶¶ 8–11.

The Claims Administrator provided direct notice to 9,646 Class Members. Taylor Decl. ¶ 4. The Claims Administrator opines that the notice program reached nearly 100% percent of Class Members. The notice process was adequate under Rule 23(c)(2).

### 2. The positive response of Class Members to the Settlement supports final approval.

The positive response of Class Members favors final approval of the Settlement in the First Circuit. "[T]he lack of any serious objection to the settlement agreement from members of the class supports approving the settlement." *Medoff v. CVS Caremark Corp.*, No. 09-cv-554-JNL, 2016 WL 632238, at *6 (D.R.I. Feb. 17, 2016); *see Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (internal citation omitted); *In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. & Sales Practices Litig.*, No. 12-MD-2320-PB, 2015 WL 7282543, at *12 (D.N.H. Nov. 16, 2015) (the "small number of objections itself counts in favor of approving the proposed settlement."). The overwhelmingly positive reaction from Class Members supports final approval. No Class Members objected to the Settlement and *only one* Class Member among 9,646 chose to opt-out. The positive reaction of the Class strongly supports final approval of the Settlement.

### 3. Experienced Class Counsel support the settlement.

Courts often give significant weight to the judgment of experienced counsel. *Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass 2000) ("When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable, and adequate should be given significant weight.")). Hagens Berman Sobol Shapiro LLP has extensive expertise litigating and settling complex class actions, including in Spring 2020 tuition and fees refund cases. Class Counsel's

-13-

recommendation that the Settlement, which provides automatic payments to Class Members without the need for any action or claims process on their part, is favorable to the Class, is entitled to significant weight, and further supports final approval.

## IV.    CONCLUSION

The Settlement is fair, reasonable, adequate, and an excellent result for the Class. For the reasons stated above and set forth in Plaintiffs' preliminary approval motion [ECF 76], and Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards [ECF 79], this Court should grant final approval. For all of these reasons, Plaintiffs respectfully request the Court enter an Order:

1.    Granting final approval of the proposed Settlement;

2.    Certifying the Settlement Class;

3.    Finally determining the Settlement is fair, reasonable, and adequate;

4.    Finding that Notice to the Class was reasonable;

5.    Finally appointing Plaintiffs as Class Representatives and Hagens Berman Sobol Shapiro LLP as Class Counsel; and

6.    Granting Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards to the Plaintiffs.

A Proposed Order granting final approval and granting Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards accompanies this motion. Plaintiffs further request the Court grant them all such relief as the Court deems necessary and appropriate.

Dated: December 27, 2022          Respectfully submitted,

By: */s/ Daniel J. Kurowski*

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594
*steve@hbsslaw.com*

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
T: (708) 628-4949
F: (708) 628-4950
*dank@hbsslaw.com*
*whitneys@hbsslaw.com*

Stephen M. Prignano (3649)
David J. Strachman (4404)
MCINTYRE TATE LLP
50 Park Row West, Suite 109
Providence, Rhode Island 02903
T: (401) 351-7700
F: (401) 331-6095
*sprignano@mcintyretate.com*
*dstrachman@mcintyretate.com*

*Settlement Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of record hereby certifies that on December 27, 2022, I filed this document through the Court's CM/ECF system, which caused this document to be served electronically to all counsel of record. In addition, I directed true and correct copies of this document and all attachments thereto to be uploaded to the "Important Documents" section of this case's Settlement Website for public viewing, available at https://brownuniversitysettlement.com/important-documents.

*/s/ Daniel J. Kurowski*
Daniel J. Kurowski
