# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HYUN CHOI, ANNA HOUSE, and AMY PHAM, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>    v.<br><br>BROWN UNIVERSITY,<br><br>                  Defendant. | No. 1:20-cv-00191-JJM-LDA<br><br>Chief Judge John J. McConnell, Jr.<br><br>Magistrate Judge Lincoln D. Almond |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Final Settlement Approval and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants have entered into a Settlement Agreement ("Settlement") that if approved, would resolve this litigation.

The Court, after carefully considering the motion and the Settlement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, and good cause appearing, has determined: (a) the Settlement is fair, reasonable, and adequate and should be finally approved; (b) the Settlement Class is certified pursuant to Rule 23(a) and 23(b)(3); (c) the Notice to the Class was directed in a reasonable manner; (d) Plaintiffs are appointed Class Representatives; (e) Hagens Berman Sobol Shapiro LLP is appointed Class Counsel; and (f) Plaintiffs' unopposed motion for Attorneys' fees and costs and service awards to the Plaintiffs is reasonable and should be granted.

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

## I. FINAL APPROVAL

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

3. Under Rule 23(e), the Court finds the Settlement is fair, reasonable, and adequate.

4. Rule 23(e)(2)(A) is satisfied because the Plaintiffs and Class Counsel have vigorously represented the Class.

5. Rule 23(e)(2)(B) is satisfied because the Settlement was negotiated at arm's length by informed counsel acting in the best interests of their respective clients, and with the close participation of a mediator.

6. Rule 23(e)(2)(C) is satisfied because the relief provided for the Class is outstanding considering the costs, risks, and delay of trial and appeal. The Settlement claims process is automatic and effective. The terms of the proposed award of attorney's fees are reasonable. There are no undisclosed side agreements.

7. Rule 23(e)(2)(D) is satisfied as the Settlement treats Class Members equitably by presenting each with the same Settlement benefit.

8. The Court certifies, for settlement purposes only, the following Class as defined in the Settlement Agreement:

> **All students who were enrolled at Brown University for the Spring 2020 Semester as of March 6, 2020.**

9. The Court finds that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied for the certification of the Class for settlement purposes only.

10. Rule 23(a)(1) is satisfied because the Class consists of approximately 9,646 students, whose identities were ascertainable through Brown's records, and joinder of all members is impracticable.

11. Rule 23(a)(2) is satisfied because there are common issues of law and fact— Brown's conduct in allegedly breaching a contract with students for in-person educational experiences for the Spring 2020 semester —at the core of all claims.

12. Rule 23(a)(3) is satisfied because the Class Representatives' claims are typical of those of Settlement Class Members. Rule 23(a)(4) is satisfied because the Class Representatives fairly and adequately protected the interests of the Settlement Class.

13. Rule 23(b)(3) is satisfied because the questions of law or fact common to the Settlement Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

14. In making all the foregoing findings, the Court has exercised its discretion in certifying a Settlement Class.

15. The Court finds that due notice was given in accordance with the Preliminary Approval Order [ECF 78], and that the form and content of that Notice, and the procedures for dissemination thereof, satisfy the requirements of Rule 23(e) and due process and constitute the best notice practicable under the circumstances. This notice included direct notice to individual class members by e-mail and/or U.S. Mail.

16. The Court held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement, and was advised that there are no objections to the Settlement from any Settlement Class Members.

17. Adequate notice of the proceedings was given to Settlement Class Members, with a full opportunity to participate in the fairness hearing. Therefore, it is determined that all Settlement Class Members are bound by this Final Approval Order and Judgment.

18. The Court GRANTS final approval of the Settlement.

19. This Final Approval Order shall have no force or effect on the one person that validly excluded themself from the Class, Lev Michael Simon.

20. Without affecting the finality of the judgment, the Court reserves and continues jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, distribution of Claim Awards, and over this Order.

21. No person will have any claim against Plaintiffs, Class Counsel, any person designated by Class Counsel, or the Claims Administrator arising from or relating to determinations or distributions made substantially in accordance with the Settlement or Orders of the Court.

22. The Court appoints as Class Representatives: Plaintiffs Hyun Choi, Anna House, and Amy Pham.

23. The Court appoints Hagens Berman Sobol Shapiro LLP as Class Counsel.

## II. ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

24. The unopposed Motion for Attorneys' Fees, Expenses, and Service Awards [ECF 79] is GRANTED. Class Counsel shall receive thirty percent (30%) of the Settlement fund plus expenses or $456,236.54. Each of the three Class Representatives shall receive $2,000 in recognition of their efforts and contributions to the case.

25. The Notice adequately informed Class Members that Class Counsel would seek attorneys' fees of not more than thirty percent (30%) of the Settlement fund plus expenses and Class Members have been afforded a reasonable opportunity to respond to the fee application.

26. Class Counsel's fee request for thirty percent (30%) of the $1,500,000 common settlement fund plus expenses, or $456,236.54, is a reasonable request. The Court finds Class Counsel diligently investigated and prosecuted this matter, dedicated substantial time, effort, resources, and expertise to the investigation of the claims, and successfully negotiated the Settlement of this matter. Class Counsel's litigation of the case delivered substantial relief for Class Members.

27. The Court finds that Class Counsel's fee request is consistent with requests approved in other class action settlements with common funds. *See, e.g.*, *Kondash v. Citizens Bank*, No. 18-cv-00288-WES-LDA, 2020 WL 7641785, at *4 (D.R.I. Dec. 23, 2020), *report and recommendation adopted*, No. CV 18-288 WES, 2021 WL 63409 (D.R.I. Jan. 7, 2021) *Rapuano v. Trs. of Dartmouth Coll.*, No. 1:18-cv-01070-LM, 2020 WL 3965784, at *2 (D.N.H. July 10, 2020); *Gordan v. Mass. Mut. Life Ins. Co.*, No. 13-cv-30184-MAP, 2016 WL 11272044, at *3 (D. Mass. Nov. 3, 2016).

28. The Court also finds that Class Counsel's fee and service award requests are consistent with requests approved in other similar settling COVID-19 college tuition refund cases. *See, e.g., Rosado v. Barry Univ.*, No. 20-cv-21813-JEM (S.D. Fla. Sept. 7, 2021); *Wright v. Southern New Hampshire University*, No. 1:20-cv-00609-LM (D.N.H. Sept. 22, 2021); *In re Columbia University Tuition Refund Action*, No. 1:20-cv-03208 (JMF) (S.D.N.Y. March 29, 2022); *D'Amario v. University of Tampa*, No. 7:20-cv-03744-CS (S.D.N.Y. October 18, 2022).

29. Class Counsel's requested fee is reasonable both as a percentage of recovery and under the lodestar method. A lodestar cross cross-check confirms Class Counsel's request falls well below the lodestar value, at approximately 78% of the requested fee. The Court finds that the lodestar method further confirms the reasonableness of the request, particularly considering that multipliers of 2 or more are approved as reasonable in this Circuit. *See Kondash*, 2020 WL 7641785, at *4; *Mooney v. Domino's Pizza, Inc.,* No. 1:14-cv-13723-IT, 2018 WL 10232918, at *1 (D. Mass. Jan. 23, 2018).

30. Class Counsel's fee request encompasses their litigation expenses. The Court concludes that Class Counsel is entitled to reimbursement for these expenses. The expenses incurred by counsel were reasonable and necessary to the resolution of this case, and are of the sort typically billed by attorneys to paying clients.

32. Plaintiffs also request service awards be paid of out the Settlement fund. The Court finds that Class Representatives Hyun Choi, Anna House, and Amy Pham should be awarded $2,000 each for their service in this case, *inter alia*, (1) working with Class Counsel to investigate and develop the case; (2) participating in discovery and taking an active role providing counsel with necessary documents, communications, and information; and (3) conferring with Class Counsel during the litigation and settlement negotiations. This award is well within the typical range approved in this district and in other similar COVID-19 college tuition refund cases. *See, e.g.*, *Kondash*, 2020 WL 7641785, at *1 n.1; *Scovil v. FedEx Ground Package System, Inc.*, No. 1:10-cv-515-DBH, 2014 WL 1057079, at *6; *see also Wright v. Southern New Hampshire University*, No. 1:20-cv-00609-LM (D.N.H. Sept. 22, 2021); *Rocchio v. Rutgers*, No. MID-L-003039-20 (Super. Ct. N.J. Feb 4, 2022); *In re Columbia University*

*Tuition Refund Action*, No. 1:20-cv-03208 (JMF) (S.D.N.Y. March 29, 2022); *D'Amario v. University of Tampa*, No. 7:20-cv-03744-CS (S.D.N.Y. October 18, 2022).

For the reasons set forth above, the Court GRANTS Plaintiffs' motions for final approval and for Attorneys' Fees, Expenses, and Service Awards.

IT IS SO ORDERED, this 10th day of January 2023.

IT IS FURTHER ORDERED that a copy of this Order shall be served upon all counsel registered to received notifications of electronic case filings from the Court's CM/ECF system.

By: /s/ John J. McConnell
UNITED STATES DISTRICT JUDGE